# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA HALL, *et al.*, | : Civil No. 1:25-CV-00982 |
| Plaintiffs, | : |
| v. | : |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is a complaint filed by eight self-represented individuals housed at the Dauphin County Prison (collectively identified as "Plaintiffs") under 28 U.S.C. § 1331 to establish a class action with representation by counsel to challenge 18 U.S.C. § 922 as facially unconstitutional. (Doc. 1.) For the following reasons, the court will dismiss Plaintiffs who have not filed their motions to proceed *in forma pauperis* from this action, grant the motions to proceed *in forma pauperis* for those who have filed such motions, dismiss the complaint for lack of standing, and deny the request for appointment of counsel and class certification. Plaintiffs may file separate amended complaints setting forth standing and their challenges to the constitutionality of 18 U.S.C. § 922.

### BACKGROUND

On June 22, 2025, the court received and docketed a complaint from the following eight Plaintiffs: (1) Joshua Hall ("Hall"); (2) Eric Heilner ("Heilner");

1

(3) Darrell Jesse Rivera ("Rivera"); (4) Johnny Quinones ("Quinones"); (5) Joseph Bryan Dantzler-Harris ("Dantzler-Harris"); (6) Aaron Cunagin ("Cunagin"); (7) Joey Hoffman ("Hoffman"); and (8) Skyler Vandevander ("Vandevander"). (Doc. 1.) The complaint names the following four defendants: (1) United States Department of Justice in their official capacity; (2) the Attorney General of the United States; (3) the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"); and (4) the Director of the ATF in his or her official capacity. (*Id*.) Plaintiffs challenge the constitutionality of 18 U.S.C. § 922, stating that they are individuals who are either under indictment for or have been convicted in any court of a crime punishably by imprisonment for a term exceeding one year, and they allege that Section 922 violates their Second Amendment rights. (*Id*.) Plaintiffs also seek the appointment of counsel and class certification to bring this action on behalf of other similarly-situated individuals. (*Id*.) As relief, Defendants seek injunctive and declaratory relief. (Doc. 1, pp. 9–11.)[1]

On June 2, 2025, the court entered an administrative order requiring all of the plaintiffs to pay the outstanding filing fee or file a motion to proceed *in forma pauperis*. (Doc. 4.) Currently, only two Plaintiffs, Hoffman and Rivera, have filed motions to proceed *in forma pauperis*. (Docs. 5, 8.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

2

The court will dismiss Plaintiffs who have neither paid the filing fee nor filed a motion to proceed *in forma pauperis*, grant the *in forma pauperis* motions the court has received, screen the complaint, and deny the request for appointment of counsel and class certification.

### DISCUSSION

**A. Plaintiffs Who Have Not Filed a Motion to Proceed *In Forma Pauperis* Will Be Dismissed.**

Pursuant to 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5." 28 U.S.C. § 1914(a). The Prison Litigation Reform Act ("PLRA") requires *each* prisoner joined in a lawsuit to pay a full individual filing fee in installments, pursuant to 28 U.S.C. § 1915. *Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009) (emphasis added); *see also* 28 U.S.C. § 1915(b)(1). Section 1915(b)(3) provides that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement" of a civil action or appeal. In *Hagan*, the Third Circuit explained:

> Section 1915(b)(3) must be read in the context of § 1915(b) as a whole. Section 1915(b)(1) provides that a court must ultimately collect a full filing fee from a prisoner, and, where possible, must collect an initial portion of the fee up front. Section 1915(b)(2) establishes procedures by which a prisoner shall make monthly payments against the balance

3

> of the fee. Read in sequence, common sense indicates that § 1915(b)(3) merely ensures that an IFP prisoner's fees, when paid by installment, will not exceed the standard individual filing fee paid in full. Nothing in § 1915(b) mentions joinder or indicates that Congress intended § 1915(b)(3) to serve as a bar to the collection of multiple individual fees from individual plaintiffs in a joint litigation.

570 F.3d at 155.

Thus, to proceed with a civil action, each prisoner-plaintiff must pay the entire filing fee or request leave to proceed *in forma pauperis* and submit the affidavit and prisoner trust account statement required by 28 U.S.C. § 1915(a). *See LeFever v. United States*, No. 3:17-CV-1499, 2020 WL 4551235, at *5 (M.D. Pa. Aug. 6, 2020). An indigent prisoner granted leave to proceed *in forma pauperis* still must pay the filing fee, but the payment is made in monthly installments. *See* 28 U.S.C. § 1916(b)(2).

On June 2, 2025, the court entered an administrative order informing all Plaintiffs that their action would not proceed unless they each either paid the filing fee or filed an application to proceed *in forma pauperis*. (Doc. 4.) The court gave Plaintiffs thirty days to return the properly executed forms and warned that their failure to do so would result in the dismissal of their action without prejudice. (*Id*.) Plaintiffs Hall, Heilner, Quinones, Dantzler-Harris, Cunagin, and Vanevander have neither paid the filing fee nor sought leave to proceed *in forma pauperis*. As these six Plaintiffs have neither paid the fee, nor requested an extension of time to pay

4

the filing fee, nor submitted the required form, the court will dismiss the claims they raise without prejudice.

### B. Screening Standard

Plaintiffs Hoffman and Rivera have filed motions to proceed *in forma pauperis*. The court will grant these motions and screen the complaint.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

**C. Plaintiffs Lack Standing**

Article III of the United States Constitution limits federal court jurisdiction to "cases" or "controversies." U.S. CONST. art. III, § 2. To establish Article III standing, a plaintiff must demonstrate that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). For injuries in fact, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339. Particularized injuries "affect the plaintiff in a personal and individual way." *Id.*

While a plaintiff must show an injury to have standing, they need not wait for government enforcement or sanctions to bring a challenge. Instead, a plaintiff may sue upon "a threat" of enforcement that would implicate their legally protected interest. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). In contrast, "[a]llegations of possible future injury are not sufficient to satisfy Article III" standing. *Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) (internal quotation marks omitted). The threat of future injury may not be "merely imaginary or wholly speculative." *N.J. Bankers Ass'n v. Att'y Gen. N.J.*, 49 F.4th 849, 855 (3d Cir. 2022); *City of Los Angeles v. Lyons*, 461 U.S. 95, 95 (1983) (reasoning that "the injury or threat of injury" cannot be "conjectural" or "hypothetical"). It must be "real or immediate." *A.S.*, 66 F. Supp. 3d at 546. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lyons*, 461 U.S. at 95-96 (internal quotation marks omitted).

>Here, the complaint states that the following to establish standing:
>
>We are all individuals who are either under indictment for or have been convicted in any court of a crime punishable by imprisonment for a term exceeding one year and hence we make up a group of citizens who are being illegally and unconstitutionally deprived of exercising our Second Amendment rights by virtue of 18 USCS § 922.

(Doc. 1, p. 3.) Plaintiffs additionally allege that "[b]ecause we have directly endured Second Amendment injuries by having our right to keep and bear arms

7

illegally infringed upon by this law, we have established standing to bring this lawsuit." (Doc. 1., p. 3.)

The allegations of standing in this complaint are simply too general. One infirmity is that there are no alleged underlying criminal convictions or indictments demonstrating that Section 922 applies to each Plaintiff. For example, Plaintiff's state the following:

> Should the individual then choose to defy the statute and exercise their 2nd Amendment right anyway, they can then be indicted and convicted of a felony for the crime of possessing a firearm without even being convicted of an underlying crime, and stating that accusations of a crime are sufficient to trigger the alleged constitutional violation under Section 922.

(*Id*., p. 6.) Here, "the individual" is presented as a hypothetical example. Absent from the complaint is any allegation that either of the Plaintiffs have any intention of exercising their Second Amendment rights or how, exactly, they would be precluded from doing so. Without such allegations, the anticipated future injury is merely imaginary. Without more specific allegations, the two named Plaintiffs do not have Article III standing, and the complaint must be dismissed. However, the dismissal will be without prejudice do allow the Plaintiffs to amend their complaint to cure the pleading defects.

### D. The Request for Appointment of Counsel and Class Certification Will Be Denied.

Plaintiffs request the appointment of counsel and class certification. (Doc. 1, p. 9.) To certify a class, a plaintiff must establish that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The Third Circuit has held that "[i]t is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Hagan*, 570 F.3d at 159 (internal alterations omitted) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). The Third Circuit has explained that "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) (quoting *Oxendine*, 509 F.2d at 1407).

The court in *Hagan* ultimately found that the district court's denial of the request for class certification was premature given that the plaintiffs had requested

appointment of counsel to represent the putative class and the district court had not yet ruled on the motion to appoint counsel when it denied the motion for class certification. *Hagan*, 570 F.3d at 159.

In the instant case, Plaintiffs have also requested counsel. (Doc. 1.) However, the court finds that appointment of counsel is not warranted at this time because the two Plaintiffs who are proceeding in this action have not established that they have standing to pursue their claims in this action.[2] *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) ("Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law."). Therefore, Plaintiffs' request for the appointment of counsel and class certification will be denied.

---

[2] In the context of a class action, only the named plaintiff must demonstrate standing. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 362 & n.3 (3d Cir. 2015) ("[U]nnamed, putative class members need not establish Article III standing. Instead, the 'cases or controversies' requirement is satisfied so long as a class representative has standing.") (citing 5 Jerold S. Solovy et al., Moore's Federal Practice, Civil § 23.63 (3d ed. 1997) ("The named plaintiff in a class action must meet all the jurisdictional requirements to bring an individual suit asserting the same claims, including standing.")).

## CONCLUSION

For the above-stated reasons, the court will dismiss six of the eight Plaintiffs for not paying the required filing fee or filing motions to proceed *in forma pauperis* and grant *in forma pauperis* status to the two Plaintiffs who did file the required motions. The court will dismiss the complaint without prejudice for lack of standing. The request for appointment of counsel and class certification will be denied.

Plaintiffs may file an amended complaint that cures the pleading defects set forth above.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: October 3, 2025